
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEYU YANG, | No. 13-70578 |
| Petitioner, | Agency No. A099-723-033 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014**

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Deyu Yang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). Our jurisdiction is

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Yang's contentions regarding corroboration because she did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below).

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Yang's testimony and between her testimony and documentary evidence regarding her residence, employment, and date of marriage. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under totality of circumstances). We do not address Yang's argument that the agency failed to consider her explanation regarding her residence because she did not raise it to the BIA. *See Barron*, 358 F.3d at 678. We also reject Yang's contention that the agency failed to consider her explanation regarding a replacement marriage certificate as contrary to the record. Further, the agency was not compelled to accept Yang's explanations for the inconsistencies. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Thus, in the absence of credible testimony, Yang's

asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Yang's CAT claim fails because it is based on the same evidence the agency found not credible, and she does not point to any other evidence in the record that would compel the finding that it is more likely than not she would be tortured by or with the acquiescence of the government if returned to China. *See id.* at 1156-57.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

13-70578